(86 South. 160)

TENNESSEE VALLEY BANK v. OSBORN.
(8 Div. 676.)

(Court of Appeals of Alabama. June 29, 1920.)

NEW TRIAL ☞75(2)—INADEQUACY OF DAMAGES NO GROUND, WHERE JURY JUSTIFIED IN SO FINDING.

In an action for damages for failure to pay check drawn on defendant bank, where it could not be said that the jury could not find from the evidence, as it did, that the actual damages suffered by plaintiff was only six cents, trial court erred in granting plaintiff new trial on the ground of inadequacy of damages.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by R. G. Osborn against the Tennessee Valley Bank for damages for failure to pay check drawn by defendant on it. There was verdict for plaintiff, which on motion of plaintiff was set aside and new trial awarded, and defendant appeals. Reversed and rendered.

Tennis Tidwell, of Albany, for appellant.

While the plaintiff was entitled to actual damages, it was not liable for punitive or exemplary damages. 113 Ky. 857, 69 S. W. 759, 58 L. R. A. 956, 101 Am. St. Rep. 379; 7 C. J. 697; 5 R. C. L. 550; 5 Mitchie on Banks, 1160. The plaintiff was entitled to nominal damages only. 50 N. E. 1115; 62 Tex. Civ. App. 374, 131 S. W. 828; 178 Fed. 678, 102 C. C. A. 178; 14 Ala. App. 455, 70 South. 308. The jury found actual damage, and the court was in error in setting aside the verdict. 175 Ala. 60. 56 South. 575; 189 Ala. 548, 66 South. 517; 11 Ala. App. 611, 66 South. 888.

G. O. Chenault, of Albany, for appellee. No brief reached the Reporter.

BRICKEN, P. J. Appellee, plaintiff in the court below, brought suit for damages against appellant, defendant below, on account of the failure of appellant to pay a check which had been drawn by appellee, who was one of its depositors, and who had sufficient money on deposit to pay the check at the time it was drawn and presented for payment. The cause was tried by a jury, which rendered a verdict as follows:

"We, the jury, find for the plaintiff and assess his actual damages at six cents.

"R. L. Sherrill, Foreman."

Upon this verdict, judgment was rendered for the plaintiff for that amount. The plaintiff made motion to set aside the verdict, and grant him a new trial, which motion was granted by the court, and from the judgment granting the motion, this appeal is taken. This action of the court is the only question presented for review.

No brief has been furnished by the appellee, and the trial court assigned no reason in its judgment for setting aside the verdict. It must have been set aside, as stated by appellant in brief, "presumably on the theory that the damages awarded the plaintiff by the jury were inadequate."

The court gave a very clear and exhaustive charge, and it cannot be said that the verdict of the jury was contrary to the law as given in the charge of the court as insisted upon in the first and fifth grounds of the motion.

Was the verdict of the jury contrary to the evidence, or to the great preponderance of the evidence, as insisted upon in the second and fifth grounds of the motion? We have examined the evidence very carefully, and do not find that this contention has been sustained.

By the third and fourth grounds of the motion, it is insisted that the plaintiff was entitled to recover "actual and substantial" damages, and that the jury only awarded "nominal" damages. By their verdict the jury fixed the "actual" damages suffered by plaintiff at six cents. We are of the opinion that the contention of the plaintiff, to the effect that he was entitled to recover "actual" damages, is well taken, but we do not think that he was entitled to recover "substantial" damages, unless the actual damages suffered by him amounted to a substantial amount. So, then, did the actual damages suffered by plaintiff exceed a nominal amount as fixed by the jury? We have examined the case carefully, and are not convinced that the jury erred in fixing the damages suffered by plaintiff at a nominal amount. Or, in other words, we are not prepared to say that the jury could not find from the evidence that the actual damages suffered by plaintiff was only a nominal amount. It follows that in our opinion the court below erred in granting the motion to set aside the verdict of the jury and in granting the plaintiff a new trial. A judgment will be here rendered, reversing the judgment of the lower court and overruling the motion.

Reversed and rendered.